JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG -6 1987

PATRICIA D. ........
CLERK OF THE PANEL

DOCKET NO. 737

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE NEW YORK BEER INDUSTRY ANTITRUST LITIGATION

ORDER VACATING SHOW CAUSE ORDER

This litigation presently consists of five actions pending in two
federal districts:  four actions in the Eastern District of New York
and one action in the Southern District of New York.  Pursuant to 28
U.S.C. §1407(c)(1) and Rule 8, R.P.J.P.M.L., 89 F.R.D. 273, 278
(1981), the Panel ordered the parties to show cause why these actions
should not be transferred to a single district for centralized
pretrial proceedings.  Plaintiffs in three Eastern New York actions
favor centralization in the Eastern District of New York.  Plaintiff
in the fourth Eastern District of New York action along with two
brewer defendants neither support nor oppose centralization;
alternatively, these parties favor the Eastern New York forum as
transferee district.  This Eastern New York plaintiff would also not
oppose centralization in the Southern New York forum.  Two other
brewer defendants, four beer wholesaler defendants and the New York
State Beer Wholesaler Association (NYSBWA) as well as the Southern New
York plaintiffs oppose centralization.  Alternatively, the NYSBWA and
one wholesaler defendant supports centralization in the Eastern New
York forum.

On the basis of the papers filed and the hearing held, the Panel
finds that centralization in a single district under Section 1407 for
coordinated or consolidated pretrial proceedings would neither serve
the convenience of the parties and witnesses nor further the just and
efficient conduct this litigation pending in adjacent federal
districts.  We note that pretrial proceedings in the Eastern New York
actions are already being coordinated in that district and that
suitable alternatives to transfer exist in order to minimize the
possibility of duplicative discovery and/or conflicting pretrial
rulings between these actions and the Southern New York action.  See,
e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent
Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978).  See also Manual for
Complex Litigation, Second, §31.13 (1985).

IT IS THEREFORE ORDERED that the order to show cause regarding the
actions on the attached Schedule A be, and the same hereby is,
VACATED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-737 -- In re New York Beer Industry Antitrust Litigation

Southern District of New York

Terrace Pub, Inc., etc. v. Anheuser-Busch, Inc., C.A. No. 86-6144

Eastern District of New York

Uniondale Beer Co., Inc. v. Anheuser-Busch, Inc., et al., C.A. No. CV 86-2400

State of New York, et al. v. Anheuser-Busch, Inc., et al., C.A. No. CV 86-2345

Cumberland Farms, Inc. v. Anheuser-Busch, Inc., et al., C.A. No. CV 86-2516

Vasiliow Company, Inc., et al. v. Anheuser-Busch, Inc., et al., C.A. No. CV 86-3227

CORRECTED COPY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG -6 1987

DOCKET NO. 737

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE NEW YORK BEER INDUSTRY ANTITRUST LITIGATION

ORDER VACATING SHOW CAUSE ORDER

This litigation presently consists of five actions pending in two federal districts:  four actions in the Eastern District of New York and one action in the Southern District of New York.  Pursuant to 28 U.S.C. §1407(c)(1) and Rule 8, R.P.J.P.M.L., 89 F.R.D. 273, 278 (1981), the Panel ordered the parties to show cause why these actions should not be transferred to a single district for centralized pretrial proceedings.  Plaintiffs in three Eastern New York actions favor centralization in the Eastern District of New York.  Plaintiff in the fourth Eastern District of New York action along with two brewer defendants neither support nor oppose centralization; alternatively, these parties favor the Eastern New York forum as transferee district.  This Eastern New York plaintiff would also not oppose centralization in the Southern New York forum.  Two other brewer defendants, four beer wholesaler defendants and the New York State Beer Wholesaler Association (NYSBWA) as well as the Southern New York plaintiffs oppose centralization.  Alternatively, the NYSBWA and one wholesaler defendant supports centralization in the Eastern New York forum.

On the basis of the papers filed and the hearing held, the Panel finds that centralization in a single district under Section 1407 for coordinated or consolidated pretrial proceedings would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation pending in adjacent federal districts.  We note that pretrial proceedings in the Eastern New York actions are already being coordinated in that district and that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings between these actions and the Southern New York action.  See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978).  See also Manual for Complex Litigation, Second, §31.13 (1985).

IT IS THEREFORE ORDERED that the order to show cause regarding the actions on the attached Schedule A be, and the same hereby is, VACATED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-737 -- In re New York Beer Industry Antitrust Litigation

Southern District of New York

Terrace Pub, Inc., etc. v. Anheuser-Busch, Inc., C.A. No. 86-6144

Eastern District of New York

Uniondale Beer Co., Inc. v. Anheuser-Busch, Inc., et al., C.A. No. CV 86-2400
State of New York, et al. v. Anheuser-Busch, Inc., et al., C.A. No. CV 86-2345
Cumberland Farms, Inc. v. Anheuser-Busch, Inc., et al., C.A. No. CV 86-2516
Vasiliow Company, Inc., et al. v. Anheuser-Busch, Inc., et al., C.A. No. CV 86-3227